ALBERT SCHULTZ v. THE STATE.

No. 13717.   Delivered February 11, 1931.

The opinion states the case.

*W. J. Baldwin* and *J. R. McDougald,* both of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Assault with intent to murder is

the offense; penalty assessed at confinement in the penitentiary for three years.

William Broderick, a taxicab driver, was employed by the appellant to take him to Sabine Pass. After traveling some distance from the city the car was stopped at the request of the appellant, who claimed that he desired to answer a call of nature. Before getting into the car again, he told Broderick that one of the tires appeared to be in need of air. Broderick got out of the car and when he stooped to look at the tires, he was struck by the appellant with some instrument a number of times, rendered unconscious for a time and seriously injured. Appellant then took possession of the car and left. Witnesses who saw Broderick described him as very bloody, covered with dirt, looking very bad. He was bruised and bleeding. There were several wounds on his head requiring a number of stitches and keeping him in the hospital for five days. When pursued, the appellant left his car and got into a bog. In the car an officer found a bloody cap and a piece of iron about eighteen inches long and three or four inches thick, wrapped with a white rag which was saturated with blood. The car was afterwards identified as that which had been taken from Broderick.

Appellant defended upon the ground that he was so drunk that he did not know what had happened. Broderick testified that he saw the appellant drink some but that he did not appear to be drunk. Appellant was a sailor and claimed that another sailor whom he did not know had given him some liquor which deprived him of his senses; that he drank other liquor also; that he had no knowledge of his conduct in assaulting Broderick; that he came to his senses about daylight and found himself in the mud and water somewhere near the Texas Refinery; that has was arrested in that locality.

On cross-examination, appellant testified in answer to a question propounded by State's counsel, that he was staying at a rooming house in Port Arthur, Texas, conducted by Ella Burns, a colored woman. On recross-examination, he was asked if it was not a house of prostitution. A bill of exception shows that objection was made to the question but it fails to show that there was any answer to the inquiry.

Two other bills of exception complain of the refusal of special charges on the subject of the use of intoxicants. The jury was given Special Charge No. 2 requested by the appellant which special charge adequately instructed them that intoxication did not excuse the crime but was a matter that might be taken into consideration by the jury in fixing the penalty in the event of a conviction. The charge given gave the accused the full benefit of the law as declared in article 36, P. C., 1925.

Failing to find any reversible error in the record, the judgment is affirmed.

*Affirmed.*